People v Cockrell (2024 NY Slip Op 02439)

People v Cockrell

2024 NY Slip Op 02439

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

252 KA 23-00923

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JADEN COCKRELL, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH A. DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Rory A. McMahon, J.), entered December 16, 2022. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). The risk assessment instrument prepared by the Board of Examiners of Sex Offenders assessed defendant as a presumptive level one risk. At the SORA hearing, the People sought, inter alia, the assessment of additional points under risk factor 3, for number of victims, which would make defendant a presumptive level two risk or, in the alternative, an upward departure to a level two risk. Supreme Court, inter alia, assessed an additional 20 points under risk factor 3, for number of victims, which gave defendant a total of 80 points and made him a presumptive level 2 risk.
As defendant contends, and as the People correctly concede, the court erred in assessing 20 points for the number of victims under risk factor 3 (see generally People v Menjivar, 121 AD3d 660, 661 [2d Dept 2014], lv denied 24 NY3d 915 [2015]). The court based its assessment on a determination that a 17-year-old was a victim of defendant's conduct. However, 17-year-olds are statutorily excluded from the class of victims under Penal Law § 263.11, to which defendant pleaded guilty. When those points are removed, defendant has a total of 60 points, making him a presumptive level one risk.
Under the circumstances presented, we remit the matter to Supreme Court for further proceedings on the People's request for an upward departure from defendant's presumptive risk level (see generally People v Weber, 40 NY3d 206, 216 [2023]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court